# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **RUBY L. BYRD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2020-CM |
| ) | |
| **SAM'S CLUB, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Kathy Cunningham, Mike Sutter, and Mary Desire's joint Motion to Dismiss (Doc. 13).

## I.  Procedural Background

Plaintiff filed her complaint in this case on January 14, 2005. On June 22, 2005, Magistrate Judge O'Hara issued a Notice and Order to Show Cause (Doc. 9), which directed plaintiff to show cause in writing to the undersigned on or before July 8, 2005, why this case should not be dismissed without prejudice on account of the failure of plaintiff to make service on the individually named defendants within 120 days after the filing of the complaint in this action.[1] Magistrate Judge O'Hara's order also directed plaintiff to show good cause why the action should not be dismissed in its entirety, without prejudice, for lack of prosecution under Fed. R. Civ. P. 4(m).

---

[1] Plaintiff effected service of process on defendant Sam's Club on January 29, 2005.

Plaintiff responded to the show cause order on July 5, 2005, stating that she was under the impression that every defendant had been served, but giving no reason for the failure to accomplish service on the individually named defendants.

Defendants filed their motion to dismiss on January 17, 2006, after plaintiff still had failed to effect service of process on the individually named defendants and had failed to engage in any effort to prosecute the case. Plaintiff failed to respond to the motion to dismiss until the court issued a second Order to Show Cause on February 9, 2006. Plaintiff responded to the court's show cause order on February 21, 2006, requesting that the court deny defendants' motion to dismiss, but completely failing to respond to defendants' legal arguments or provide any reason for her continued failure to effect service of process on the individually named defendants.

In *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), the Tenth Circuit set out the inquiry a district court should make before dismissing a claim pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process:

> The preliminary inquiry under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza*, 52 F.3d at 841. In this case, the court concludes that plaintiff has failed to respond to the court's inquiry as to the reason that she has failed to serve the individually named defendants. The court therefore determines that plaintiff has failed to show good cause and is not entitled to a mandatory extension of time in which to accomplish service of process.

-3-

Pursuant to *Espinoza*, the court next considers whether a permissive extension of time is warranted. The court finds that, in these circumstances, an extension of time in which to serve defendants is not appropriate. Plaintiff has had over a year to effect service of process, has failed to do so or even make an attempt to do so, and has utterly failed to explain her failure to effect service of process. Notice has been given to plaintiff on more than one occasion that her claims against the individually named defendants are subject to dismissal for failure to effect service of process. Good cause has not been shown why service on the individual defendants was not made within the period. Accordingly, the court hereby dismisses plaintiff's claims against defendants Kathy Cunningham, Mike Sutter, and Mary Desire without prejudice pursuant to Fed. R. Civ. P. 4(m).[2]

**IT IS THEREFORE ORDERED** that defendants Kathy Cunningham, Mike Sutter, and Mary Desire's joint Motion to Dismiss (Doc. 13) is granted as stated above.

Dated this 18th day of April 2006, at Kansas City, Kansas.

   **s/ Carlos Murguia**
   **CARLOS MURGUIA**
   **United States District Judge**

---

[2] In doing so, the court declines to address defendants' other arguments for dismissal with prejudice. The court recognizes that plaintiff appears pro se and may not have a full understanding of the Federal Rules of Civil Procedure. While this is no excuse for plaintiff's failure to prosecute her case, the court finds that dismissal with prejudice is not warranted under these circumstances.