## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUBY BYRD,**  )<br>                                          )<br>          **Plaintiff,**   )<br>                                          )<br>**v.**                                   )<br>                                          )<br>**SAM'S CLUB,**                )<br>                                          )<br>          **Defendant.**  )<br>                                          ) | CIVIL ACTION<br><br>No. 05-2020-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Sam's Club's Motion to Dismiss (Doc. 11). Plaintiff filed her complaint against defendants on January 16, 2005. Although plaintiff effected service of process on defendant Sam's Club on January 29, 2005, plaintiff failed to effect service of process on any other defendant. As a result, the court entered an order on April 18, 2006, dismissing plaintiff's claims against all of the defendants in this case except for Sam's Club.

Defendant moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Defendant specifically contends that plaintiff has prevented the case from moving forward because she did not effect service of process on the individually named defendants, and, as a result, no discovery or other work has been done on the case since plaintiff filed it over a year ago. Defendant contends that, because plaintiff has failed to take any affirmative steps toward prosecuting her claims, they should be dismissed with prejudice.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190,

1195 (10th Cir. 2002); Fed. R. Civ. P. 41(b). However, because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (quotation omitted); *see also Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (holding that "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort.").

Before dismissing a complaint with prejudice, the court ordinarily considers the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Without going into the factors set forth above, the court finds that dismissal of plaintiff's claims against Sam's Club is not warranted. Although the case has not moved forward and no discovery has occurred since plaintiff filed her complaint, the court finds that defendant has suffered only minimal prejudice in the delay of the case. Moreover, plaintiff is not solely responsible for the lack of movement in the case. Ordinarily, the court would set the case for a status conference and enter a scheduling order once all of the parties had been served. Because the issue of whether the individually named defendants would be dismissed from the case was not resolved by the court until recently, the court waited to enter a scheduling order and set deadlines for discovery and dispositive motions in the case.

While plaintiff did not seek to keep the case moving against Sam's Club during that period, the court finds that the severe sanction of dismissal with prejudice is not warranted. This is not a case where plaintiff has failed to abide by the court's orders or to meet numerous deadlines. The case has simply remained

-3-

stagnant pending the court's resolution of the service of process issue.  Having considered plaintiff's *pro se* status, the court further finds that no sanctions are warranted against plaintiff at this time.  Rather, now that the service of process issue has been resolved, the court finds it appropriate to enter a scheduling order and proceed with discovery in the case.

**IT IS THEREFORE ORDERED** that defendant Sam's Club's Motion to Dismiss (Doc. 11) is denied.

**IT IS FURTHER ORDERED that the parties shall contact Magistrate Judge O'Hara within 20 days of the entry of this Order to set a status/scheduling conference.**

Dated this 19th day of April 2006, at Kansas City, Kansas.

>>s/ Carlos Murguia
>>**CARLOS MURGUIA**
>>**United States District Judge**