IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUBY BYRD,                         )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )        Case No. 05-2020-JAR
                                   )
SAM'S WEST, INC.,                  )
                                   )
                    Defendant.     )

## REPORT AND RECOMMENDATION

This employment discrimination case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion **(doc. 34)** of the defendant, Sam's West, Inc. for sanctions due to the failure of the pro se plaintiff, Ruby Byrd, to comply with the court's order of October 4, 2006 (doc. 30).

The instant motion was taken under advisement on November 22, 2006 following a status conference with the parties.[1] The court ordered defense counsel to send plaintiff a letter outlining in more detail how plaintiff's responses to defendant's interrogatories and requests for production of documents were deficient. Plaintiff was to provide complete answers by December 15, 2006. Defendant was to supplement the instant motion accordingly by December 29, 2006; on that day, defendant filed a supplement stating that

---

[1] *See* doc. 38.

O:\ORDERS\05-2020-JAR-RR.wpd

plaintiff had provided responses to the discovery requests, but that they were still incomplete.[2]

On February 27, 2007, the undersigned conducted the final pretrial conference in this case, during which he explained to plaintiff her specific legal obligations to provide answers to interrogatories and to produce documents requested by defendant.  The undersigned also explained the probable consequences of plaintiff continuing to fail to provide requested discovery, i.e., dismissal of this case as a sanction.[3]  Defendant was to file an additional supplement by March 2, 2007, specifically inventorying the information still not provided, plaintiff was to respond by March 9, 2007, and defendant was to reply by March 16, 2007.

On March 2, 2007, defendant filed its supplement.[4]  Plaintiff did not file any response, timely or otherwise.  Defendant filed an additional supplement on March 16, 2007 detailing which requests are still outstanding.[5]  According to that supplement,[6] plaintiff failed to fully respond to Interrogatory Nos. 3, 4, 5, and 15, and Request No. 10.  Defendant also stated that the documents plaintiff produced on March 9, 2007 are incomplete.

---

[2] *See* doc. 40.

[3] *See* docs. 46 and 50.

[4] Doc. 47.

[5] Doc. 49.

[6] *Id.*

In an order filed on May 7, 2007,[7] the court again reminded plaintiff of her obligations regarding discovery and warned her of the probability of dismissal of this case for failure to meet those obligations on more than one occasion.  In that order, the court provided a *very* specific list of the requests to which plaintiff was to respond to avoid dismissal of her case. The court made clear that this was plaintiff's *final* chance to fully respond to defendant's interrogatories and document requests.

On May 25, 2007, defendant filed its fourth supplement to the instant motion.[8]  Upon review of that supplement and the attached exhibits, it is clear that plaintiff has not adequately responded to the discovery requests summarized in court's May 7, 2007 order. Evidently, plaintiff has not provided any written responses to defendant's interrogatories or to the list contained in the court's order.  Although she has provided some documents,[9] she has not indicated how these documents are responsive to defendant's requests for production or the list contained in the court's order.

> Rule 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery" and specifies as an available sanction "[a]n order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).  The court has discretion in selecting the appropriate sanction, but that discretion "'is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery.'" *The Proctor and Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).  Because of its harshness, dismissal with prejudice is

---

[7] Doc. 53.

[8] Doc. 55.

[9] *See* docs. 55-2, 55-3, 55-4, and 55-5.

reserved for those cases involving "willfulness, bad faith, or [some] fault" by the party to be sanctioned.  *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (quotation marks and citations omitted).  "'Because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort.'" *The Proctor & Gamble Co.*, 427 F.3d at 738 (quoting *Ehrenhaus*, 965 F.2d at 920). The following factors are to be considered before dismissing the case as a sanction: "'(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002)).  Dismissal is appropriate if "'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).[10]

The court finds that plaintiff's repeated failure to provide full and adequate discovery responses, despite multiple opportunities, has seriously prejudiced defendant and interfered with the judicial process by causing unnecessary delay and associated expense in this case. In recognition of the difficulties that may face pro se litigants, the court has afforded plaintiff several chances to respond to defendant's discovery requests.  Both the court and defense counsel have made several attempts to further explain the requests to plaintiff.  In light of her refusal to adequately respond, and in some instances, to respond at all, the court finds that the culpability factor cuts decidedly in favor of dismissal.  As set forth above, the court has warned plaintiff many times of the probability of dismissal as a sanction.  Given that these

---

[10] *Dougherty v. City of Stockton*, No. 05-4145, 2006 WL 2548192, at *1 (D. Kan. August 29, 2006).

O:\ORDERS\05-2020-JAR-RR.wpd                    -4-

warnings did not prompt plaintiff to comply with the court's orders, it is highly unlikely that lesser sanctions would be effective.

The undersigned is of the opinion that the aggravating factors discussed above outweigh the presumption in favor of resolution on the merits. Accordingly, the undersigned respectfully recommends that the presiding U.S. District Judge, Hon. Julie A. Robinson, grant defendant's pending motion for sanctions and dismiss plaintiff's claims, with prejudice, for failure to comply with the court's orders, pursuant to Fed. R. Civ. P. 37 (b)(2) and 41(b).

In view of the above-described recommendation, and with Judge Robinson's approval, the June 8, 2007-dispositive motion deadline, as well as the January 8, 2008-trial setting, are vacated. Said motion deadline and trial setting will be re-set in the event that Judge Robinson later decides *not* to accept the undersigned's recommendation to dismiss this case as a discovery sanction.

Plaintiff is hereby informed that, within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this report and recommendation shall be served on counsel of record electronically and shall also be sent to plaintiff, Ruby Byrd, by regular mail and certified mail.

Dated this 31st day of May, 2007, at Kansas City, Kansas.

    s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge